**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **PNC BANK, NATIONAL ASSOCIATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 14-2642-CM** |
| **AMBASSADOR SLATE &** ) | |
| **TILE ROOFING, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff PNC Bank, National Association, brought this action to collect on a loan. Plaintiff loaned defendant Ambassador Slate & Tile Roofing, LLC $520,000 through two loan agreements. Defendants Louis and Suzanne Swyden executed guaranty agreements through which they agreed individually to guaranty the repayment of all obligations due under the loans. The Swyden defendants also pledged a mortgage as security for the loan obligations. Defendant Capitol Federal Savings Bank holds a superior lien on the real property that is the subject of the mortgage (the "Real Property").

The case is now before the court on plaintiff's motion for summary judgment (Doc. 22). The court has already entered default judgment against defendant Ambassador Slate & Tile Roofing. Plaintiff now claims that there are no genuine issues of material fact as to (1) the amount due to plaintiff from defendant Ambassador Slate & Tile Roofing, (2) the guarantors' execution of the guaranty agreements, (3) the guarantors' failure to pay under the guaranty agreements, and (4) plaintiff's right to foreclose the mortgage that secures the guarantors' agreements. Defendant Capitol Federal Savings Bank does not oppose plaintiff's motion; it only asks the court to specifically find that Capitol Federal Savings Bank has a valid first and prior lien against the real property. The Swyden

defendants argue that there is a factual dispute regarding the amount of deficiency judgment (if any) that should be entered against them.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The sole issue is whether the court should enter a judgment for the entire amount of the loan, or for a deficiency amount that can only be determined after the Real Property is sold at a foreclosure sale. The guaranty agreements are clear on this point: they provide that the guarantors guarantee the amounts due and owing from defendant Ambassador Slate & Tile Roofing to plaintiff. The agreements further provide, "This is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the Indebtedness." (Docs. 23-3 at 1,5; 23-4 at 1,5.) The terms of the agreements, therefore, indicate that the judgment should be for the entire amount of indebtedness—not for a deficiency amount after selling the real property.

For these reasons, the court determines that summary judgment is warranted in favor of plaintiff. Specifically, the court orders that:

- Judgment is entered against defendant Louis Swyden on Count III in the following amounts: principal in the amount of $406,555.54; accrued interest in the amount of $15,579.25; other fees in the amount of $16,171.21; plus continuing interest, fees, costs, and expenses assessable under the loan documents.

- Judgment is entered against defendant Suzanne Swyden on Count IV in the following amounts: principal in the amount of $406,555.54; accrued interest in the amount of $15,579.25; other fees in the amount of $16,171.21; plus continuing interest, fees, costs, and expenses assessable under the loan documents.

- With respect to Count VI:

    o Defendant Capitol Federal Savings Bank has a valid first and prior lien against the Real Property.

    o Plaintiff's mortgage interest in the real property is adjudged and decreed a perfected lien on the Real Property.

    o Louis and Suzanne Swyden's interest in the Real Property is foreclosed.

    o If the principal, interest, and sums due to plaintiff are not paid within fourteen days after the date judgment is entered, plaintiff may move for an Order of Sale directing and commanding the Sheriff of Johnson County, Kansas to advertise and sell the Real Property according to law.

**IT IS THEREFORE ORDERED** that plaintiff's motion for summary judgment (Doc. 22) is granted.

Dated this 15th day of September, 2015, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**